[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The present action was commenced when the plaintiff, Edward Lougee, filed a complaint against the defendants, Arthur Tanner, A. John Lorenze, Barton M. Bauers, Jr., John L. Raudat, and Standard-Knapp, Inc. (SKI), on August 8, 1992. The plaintiff subsequently amended its complaint several times, filing the final amended version on March 6, 1995. The plaintiff and defendants were all employees, directors, officers, and shareholders of SKI. The plaintiff alleges that as part of the agreement to purchase SKI he, as well as the defendants, was guaranteed employment and financial security by the others so long as he assumed an active and on-going responsibility for carrying on the business, and that in reliance on these representations the plaintiff participated in the purchase and formation of SKI on or about December 23, 1984. The plaintiff goes on to allege that Tanner terminated him from all positions with SKI without notice on April 8, 1991, and that this decision was later ratified by the defendants at a meeting of the board of directors of which the plaintiff was given no notice. The plaintiff alleges claims for breach of contract, breach of the implied covenant of good faith, promissory estoppel and negligent misrepresentation.
The defendants filed a joint answer with special defenses CT Page 3627 on May 11, 1995. The plaintiff filed a reply to the special defenses on May 25, 1995. Defendants Tanner, Lorenze, Bauers and Raudat filed the present motion for partial summary judgment on October 13, 1995. The plaintiff filed an objection to the motion on November 20, 1995. Pursuant to Practice Book § 380, the parties have submitted appropriate legal briefs in support of their respective positions.
DISCUSSION
The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . ." Home Insurance Co. v. Aetna Life Casualty Co., 235 Conn. 185,202, 663 A.2d 1001 (1995).
The defendants in the present case seek partial summary judgment on counts two through five (breach of contract), seven through ten (breach of the implied covenant of good faith), sixteen through nineteen (promissory estoppel) and twenty-one through twenty-four (negligent misrepresentation). Against all of these counts, the defendants argue that the contract, agreement or promise alleged by the plaintiff, even if they did exist, are unenforceable, because they violate public policy. The defendants base their claim on the theory that the contract, agreement or promise alleged by the plaintiff would impermissibly interfere with the defendants' fiduciary duties as officers of SKI to exercise their independent judgment and discretion solely for the benefit of the corporation.
Taken to its logical extent, the argument proffered by the defendants would make void every contract of employment entered into by corporate executives on behalf of a corporation, for it is the very purpose of every contract to limit the discretion of the parties thereto to a certain extent. Corporate officers acting within the scope of their authority may bind the corporation to a contract. See, e.g., Kilduff v. Adams, Inc,219 Conn. 314, 332 n. 20 (1991). Courts, however, have found contracts of employment "for life" to be extraordinary, beyond the authority of any corporate executive and unduly restrictive on the authority of corporate boards of directors. E.g., Lee v.Jenkins Brothers, 268 F. Sup. 357, 367-70 (D.Conn.), cert. denied, 361 U.S. 913, 80 S.Ct. 257, 4 L.Ed .2d 183 (1959);Seitz v. Michel, 181 N.W. 102, 104 (Minn. 1921). Corporate CT Page 3628 executives, however, do have the authority to enter into other types of valid long-term employment contracts with employees. See Solomon v. Aberman, 196 Conn. 359 (1985) (plaintiff allowed to recover where defendants tortiously interfered with employment contract between her and board or directors to employ the plaintiff "until she either reached age sixty-five or retired.").
The plaintiff in the present case has not alleged a contract "for life", but has instead alleged a contract, agreement or promise that provided he would be terminated only for cause, and then only after progressive counseling and discipline. (E.g., Complaint, Count 1, ¶ 20.). Therefore, there remains a genuine issue of material fact as to whether the contract, agreement or promise alleged by the plaintiff would so restricted the defendants' independent judgment and discretion that it would impermissibly interfered with their fiduciary duties to the corporation. Home Insurance Co. v.Aetna Life Casualty Co., supra, 235 Conn. 202.
CONCLUSION
Based on the foregoing, the defendants motion for partial summary judgment on counts two through five, seven through ten, sixteen through nineteen, and twenty-one through twenty-four is denied.
Hurley, J.